IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 2, 2022

## KAREN L. HANSEN v. JEREMY C. HANSEN

**Appeal from the General Sessions Court for Putnam County**
**No. 2018D128        Steven D. Qualls, Judge**

———————————————————

**No. M2021-01413-COA-R3-CV**

———————————————————

The father has appealed from an order designating the mother as the primary residential parent and adopting a permanent parenting plan. Because the order does not resolve all of the claims between the parties, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

John Byers Nisbet, III, Livingston, Tennessee, for the appellant, Jeremy C Hansen.

Laurie A. Seber, Cookeville, Tennessee, for the appellee, Karen L. Hansen.

## MEMORANDUM OPINION[1]

This appeal arises out of a divorce action. The trial court bifurcated the parenting issues and conducted a hearing on those issues on July 12, 2021. On November 8, 2021, the trial court entered a Custody Order designating the mother, Karen L. Hansen ("Mother"), as the primary residential parent and adopting a permanent parenting plan. The order provides:

The child custody portion of this divorce was bifurcated from the remaining

---

[1] Under the rules of this Court, memorandum opinions may not be published, "cited[,] or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

issues. This is a final ruling on the issue of a permanent parenting plan. All other issues related to the parties' marriage is [sic] hereby reserved for future hearings.

The father, Jeremy C. Hansen ("Father"), filed his notice of appeal with the clerk of this Court on December 1, 2021. Mother then moved to dismiss the appeal for lack of a final judgment. Father did not file a timely response in opposition to the motion to dismiss.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645. The November 8, 2021 order does not dispose of all the claims between the parties but rather reserves "[a]ll other issues related to the parties' marriage" for a future hearing.

We recognize that the November 8, 2021 order states that it is a "final ruling on the issue of a permanent parenting plan." However, this language does not create a final, appealable judgment. While the trial court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties, it may do so "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Tenn. R. Civ. P. 54.02. The November 8, 2021 order does not contain the express determination and direction required by Rule 54.02. See *Duffer v. Lawson*, No. M2009-01057-COA-R3-CV, 2010 WL 3488620, at *5 (Tenn. Ct. App. Sept. 3, 2010) (holding that an order omitting the "magic language" under Rule 54.02 "is not a final and appealable judgment"). In any event, a Rule 54.02 certification is rarely appropriate in a divorce action. The trial court must dispose of all remaining issues before an appeal as of right can proceed.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs are taxed to Jeremy C. Hansen.

PER CURIAM